IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

v.

ROCK-TENN COMPANY,

        Defendant.
_____/

Civil Action No.

**COMPLAINT AND JURY TRIAL DEMAND**

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Glen Janisch who was adversely affected by such practices. As alleged with greater particularity in paragraphs 8 through 11 below, the Equal Employment Opportunity Commission alleges that Defendant Rock-Tenn Company violated the Americans with Disabilities Act when it failed to reasonably accommodate Janisch's disability and terminated his employment because of his disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Michigan, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Rock-Tenn Company ("Defendant Employer") has continuously been a Georgia corporation doing business in the

State of Michigan and City of Battle Creek, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty (30) days prior to the institution of this lawsuit, Glenn Janisch filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. At all relevant times, Janisch was an individual with a disability. He had severe coronary-artery disease, which substantially limited his cardiovascular and circulatory functions.

9. Janisch was employed with Defendant Employer as a Human Resources Manager. At all relevant times, Janisch has been qualified to perform the essential functions of that position with or without a reasonable

accommodation.

10. In March 2011, Defendant Employer engaged in unlawful employment practices at its Battle Creek, Michigan facility, in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a). Specifically, on or about March 1, 2011, while Janisch was on a short-term disability leave of absence following open-heart, coronary-bypass surgery, he informed Defendant Employer that he was medically cleared to return to work beginning March 21, 2011, and requested that he work half days, upon his return, on a temporary basis as recommended by his physician. Respondent failed to provide this or any other accommodation in violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C. § 12112(b)(5)(A).

11. On March 15, 2011, the Defendant Employer terminated Janisch's employment despite having notice that he would return from short-term disability leave on a date certain. The Defendant's termination of Janisch was in violation of Sections 102(a) and 102(b)(5)(B) of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(5)(B).

12. The effect of the practices complained of in paragraphs 8-11 above have been to deprive Janisch of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

13. The unlawful employment practices complained of in paragraphs 8-11 above were intentional.

14. The unlawful employment practices complained of in paragraphs 8-11 above were done with malice or with reckless indifference to the federally protected rights of Janisch.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. GRANT a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing to make reasonable accommodations to the know disabilities of employees.

B. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from firing employees because of their disabilities.

C. ORDER Defendant Employer, to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

D. ORDER Defendant Employer to make whole Janisch by providing him with appropriate backpay, with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to appropriate front

pay.

E. ORDER Defendant Employer to make whole Janisch by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraphs 8-11 above.

F. ORDER Defendant Employer to make whole Janisch by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 8-11 above, in amounts to be determined at trial.

G. ORDER Defendant Employer to pay Janisch punitive damages for its malicious and reckless conduct, as described in paragraphs 8-11 above, in amounts to be determined at trial.

H. GRANT such further relief as the Court deems necessary and proper in the public interest.

I. AWARD the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Date: September 16, 2014                                Respectfully submitted,

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

| | |
|---|---|
| s/Laurie A. Young<br>Laurie A. Young<br>Regional Attorney<br>Indianapolis District Office<br><br>s/Kenneth Bird<br>Kenneth Bird<br>Supervisory Trial Attorney<br>Detroit Field Office | s/Omar Weaver<br>Omar Weaver<br>Senior Trial Attorney<br><br>Detroit Field Office<br>477 Michigan Ave., Room 865<br>Detroit, MI 48226<br>(313) 226-4620<br>omar.weaver@eeoc.gov |